IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2006

## STATE OF TENNESSEE v. PATTY D. LAYLAND SMITH

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S49864, S50143     R. Jerry Beck, Judge**

---

**No. E2005-01621-CCA-R3-CD - Filed August 14, 2006**

---

Defendant, Patty D. Layland Smith, pled guilty to two counts of failure to appear, each offense being a Class E felony. Defendant was sentenced as a career offender and ordered to serve six years for each offense, to be served concurrently, with a sixty (60) percent release eligibility date. Following a sentencing hearing, the trial court denied probation and any other form of alternative sentencing. Defendant appeals, arguing that the trial court erred in finding that she was not eligible for probation or alternative sentencing. After a full review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ. joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, (on appeal); and Gene G. Scott, Jr., Johnson City, Tennessee, (at trial), for the appellant, Patty D. Layland Smith.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Todd Martin, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

At the guilty plea hearing, the following facts were stipulated as proof:

[H]ad the matter of S49864 gone to trial, the State's proof would have been that in Sullivan County, Tennessee, on October 29th 2004, the Defendant, having Case S45142, 16 felon[y] counts of failure to appear, was to appear for Probation Violation Hearing on that day and failed to appear.

Your Honor, had the matter of S50143 gone to trial, the State's proof would have been that in Sullivan County, Tennessee, on January 14th, 2005, the Defendant had Case S49864, that was previously mentioned, a charge of felony failure to appear pending for arraignment and an appearance day, and she failed to appear. On both of those charges, Your Honor, she was released on bail for her appearances, the dates that are alleged.

## II. Analysis

Defendant's sole argument on appeal is that the trial court erred in denying her probation or any other form of alternative sentencing. When a defendant challenges the length, range or the manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2003). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "[t]he burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

Tennessee Code Annotated section 40-35-102(5) provides as follows: "In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." T.C.A. § 40-35-102(5) (2003 & Supp. 2005). A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2003 & Supp. 2005).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When a defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." *State v. Ashby*, 823 S.W.2d 166, at 169 (Tenn. 1991); *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000); *see* T.C.A. §§ 40-35-102(6), -103(1) (2003 & Supp. 2005). However, even if the defendant is entitled to the statutory presumption favoring alternative sentencing, it is the defendant who has the burden of demonstrating his or her suitability for full probation. *Bingham*, 910 S.W.2d at 455; *see* T.C.A. § 40-35-303(b)

(2003 & Supp. 2005). Sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)).

We note that at the time Defendant was sentenced, June 30, 2005, the law provided that defendants sentenced after June 7, 2005, for crimes committed on or after July 1, 1982, "may elect to be sentenced under the provisions of the [2005] act by executing a waiver of such defendant's ex post facto protections." T.C.A. § 40-35-303 (Supp. 2005), Sentencing Commission Comments. Although Defendant was eligible for sentencing under the 2005 act because she committed the crimes after July 1, 1982 and she was sentenced after June 7, 2005, we find nothing in the record to indicate Defendant elected to be sentenced under the 2005 act. Accordingly, the sentencing statutes are applicable as they existed prior to the 2005 amendments. Therefore, Defendant is included within the class of offenders eligible for consideration for probation who have a sentence of eight years or less. T.C.A. § 40-35-303(a).

Defendant pled guilty to two Class E felonies and was sentenced as a career offender. Thus, Defendant was not presumed to be a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6) (2003). However, as stated, the burden is on Defendant to demonstrate her suitability for full probation. T.C.A. § 40-35-303(b). Since Defendant is not entitled to the statutory presumption favoring alternative sentencing, the burden is also on her to show her suitability for alternative sentencing other than full probation. *State v. Housewright*, 982 S.W.2d 354, 358 (Tenn. Crim. App. 1997); T.C.A. § 40-35-303(a).

There was no testimony at the sentencing hearing. The judge considered the arguments of counsel and the presentence report then made the following findings of fact and conclusions of law:

> She also has some dismissed cases, which the Court will not consider, but she does have a lot of other cases, so all of the failures to appear, 17 prior felonies for failure to appear . . . she has a D.U.I., 3rd. She has had an assault, a suspended sentence. It happened on the same day and a suspended sentence for disorderly conduct. She has had a habitual traffic offender felony conviction . . . well, she was declared to be a habitual traffic offender, I am sorry. That would not be a crime, just a status. Then she has had cocaine possession, misdemeanor, suspended sentence previously. Driving on a revoked license, suspended sentence, and another driving on a revoked license, suspended sentence, another driving on a revoked license, suspended sentence, another D.U.I., 8/1/93, Page 9, a partial suspended sentence; marijuana conviction, misdemeanor, on Page 9, last case. It shows 11/29. It doesn't show whether it was suspended and violation of registration was dismissed. I wouldn't consider that; violation of [i]mplied consent, dismissed. Then, finally, on Page 10, driving under the influence . . . it looks like that may have been reduced.

* * *

Defense Counsel does make a point that the 17 failures to appear rose out of a chain of events arising out of the, as he described, the failures to appear. Nonetheless, the Defendant has other prior record, other failure while on probation.

She went to Dobyns-Bennett High School through the 11th Grade and dropped out during her Senior year. She completed [a] Phlebotomy Class; that is a blood technician in 2004, according to her self-report. Ite [sic] says her mental health is poor to fair. History of drug usage. Generally worked as a waitress. She worked at Quebecor, a book publishing plant in Kingsport for a short period of time.

Mr. Scott, there is too much record there. I can't grant probation. I am going to deny probation or alternative sentencing. I have considered residential . . . not residential community corrections but regular community corrections, because of her drug use, but there is too much there.

The record shows that in denying probation, the trial court relied on enhancement factor (2) Defendant's previous criminal history, and enhancement factor (14) commission of the felony while on probation for another offense. *See* T.C.A. § 40-35-114(2), 14(G) (2003) (current version at T.C.A. § 40-35-114(1), (13)(G) (Supp. 2005)). The transcript of the guilty plea hearing as well as the presentence report indicate that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully" to Defendant. T.C.A. § 40-35-103(1)(A)-(C). She has consistently violated her probation and repeatedly insisted on driving with a revoked license, in many instances doing so while under the influence of an intoxicant. Defendant meets the definition of one who should be given first priority for incarceration as set forth in Tennessee Code Annotated section 40-35-102(5). She has failed to demonstrate her suitability for alternative sentencing. We therefore conclude that the trial court properly denied Defendant full probation or any other form of alternative sentencing based on her extensive criminal history, her prior unsuccessful attempts at probation, and her inability to adhere to the law by failing to attend scheduled court appearances or refrain from operating a car on a revoked license. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE